UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

HARVEY CANTRELL,

      Plaintiff,

    v.

NANCY J ROSENSTENGEL, and
COMMISSIONER OF SOCIAL SECURITY,

      Defendants.

Case No. 26-cv-00855-JPG

**MEMORANDUM AND ORDER**

This case is before the Court on Plaintiff Harvey Cantrell's Motion to Charge (Doc. 3),

Motion for Leave to Proceed *in Forma Pauperis* (Doc. 4), and Motion to Unseal Documents

(Doc. 8).

I.     **ANALYSIS**

    A.  Motion for Leave to Proceed *in Forma Pauperis* (Doc. 4):

A federal court may permit an indigent party to proceed without pre-payment of fees. 28

U.S.C. § 1915(a)(1). Nevertheless, a court can deny a qualified plaintiff leave to file *in forma*

*pauperis* or can dismiss a case if the action is clearly frivolous or malicious or fails to state a

claim. *Id.* § 1915(e)(2)(B)(i) & (ii). The test for determining if an action is frivolous or without

merit is whether the plaintiff can make a rational argument on the law or facts in support of the

claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller*, 708 F.2d 1241, 1247

(7th Cir. 1983). An action fails to state a claim if it does not plead "enough facts to state a claim

to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

When assessing a motion to proceed *in forma pauperis*, a district court should inquire into the

merits of the plaintiff's claims, and if the court finds them to be frivolous, it should deny leave to

proceed *in forma pauperis*. *Lucien v. Roegner*, 682 F.2d 625, 626 (7th Cir. 1982).

The Court is satisfied from Plaintiff's affidavit that he is indigent. However, it finds that he fails to state a claim. Plaintiff alleges that this case arises under the Court's federal question jurisdiction because he previously litigated a federal case in Alabama that was improperly transferred to this Court. Plaintiff further alleges that he seeks to recover Social Security benefits that were awarded to him in 1999 by Judge Bart M. Billing. According to Plaintiff, judgment was entered in his favor but was never carried out. He claims that the case was later reopened without the court's knowledge, resulting in the loss of his backpay. To the extent Plaintiff alleges Defendants improperly determined that this Court had jurisdiction over his case, neither can be held liable for that decision. Judge Rosenstengel has absolute immunity against damages for judicial acts. *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). Further, Plaintiff's allegation that the ruling was erroneous is an impermissible collateral attack. *See Parmalat Cap. Fin. Ltd. v. Grant Thornton Int'l*, 756 F.3d 549, 552 (7th Cir. 2014) (stating that federal district judges do not have appellate authority over decisions by other district judges); *Daniels v. Kellerman*, No. 25-cv-00085-SMY, 2025 WL 1255698, at *2 (S.D. Ill. Apr. 30, 2025) ("The proper way to challenge a decision made by a federal district court judge is by filing a motion in the prior case or an appeal with the United States Court of Appeals for the Seventh Circuit."). The Commissioner did not make the decision. If Plaintiff believes the Commissioner improperly denied his benefits, he must pursue the administrative review process proscribed by the Social Security Act.

B. Motion to Charge (Doc. 3):

Plaintiff asks the Court to charge Judge Rosenstengel, the Commissioner, and Judge

Beaverstock (a nonparty) for defying a federal court order and fraud. To the extent Plaintiff asks the Court to initiate criminal proceedings, the Court lacks authority to grant such relief. *See Gray v. Walgreens Boot Alliance, Inc.*, No. 23 CV 11441, 2024 WL 2863332, at \*9 (N.D. Ill. June 6, 2024) (stating that "the U.S. Attorney's Office is the sole entity with authority to initiate criminal proceedings in federal court"); *Mikhail v. Kahn*, 991 F. Supp. 2d 596, 636–38 (E.D. Pa. Jan. 13, 2014) (explaining that "federal courts lack the power to direct the filing of criminal charges"). If he is seeking sanctions for litigation misconduct, he has not established that any of these individuals engaged in conduct that warrants sanctions under Federal Rule of Civil Procedure 11 or the Court's inherent authority.

### C.  Motion to Unseal Documents (Doc. 8):

Plaintiff asks the Court to unseal documents that were filed under seal in a federal case decided in Alabama in 1999. These documents were sealed by an order of the court presiding over that case, and this Court lacks authority to modify that order. Any request to unseal the documents must be directed to the court in which they were filed under seal.

## II.    CONCLUSION

For the foregoing reasons, the Court **RESERVES RULING** on the Motion to Proceed *in Forma Pauperis* (Doc. 4), **DISMISSES** the Complaint (Doc. 2) **without prejudice**, **DENIES** the Motion to Charge (Doc. 3), and **DENIES** the Motion to Unseal Documents (Doc. 8).

Plaintiff shall have up to and including August 17, 2026, to file an amended complaint. The Court, however, has serious doubts that Plaintiff will be able to state a viable claim against any Defendant. If Plaintiff fails to file an amended complaint by the deadline, this action will be dismissed for failure to prosecute and/or the Court's inherent authority to manage its docket. The

Court **DIRECTS** the Clerk of Court to send Plaintiff a blank complaint for a civil case along with this Order.

**IT IS SO ORDERED.**
**DATED**: July 17, 2026

**J. PHIL GILBERT**
**United States District Judge**

4